[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 415.]

KENTY, APPELLANT, *v*. TRANSAMERICA PREMIUM INSURANCE COMPANY ET AL., APPELLEES.

[Cite as *Kenty v. Transamerica Premium Ins. Co.*, 1995-Ohio-61.]

*Torts—Tort of interference with a contractual relationship recognized in Ohio— Proof necessary to recover for claim of intentional interference with a contract.*

1.  The tort of tortious interference with a contractual relationship is recognized in Ohio.

2.  In order to recover for a claim of intentional interference with a contract, one must prove (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages.

(No. 93-2560—Submitted March 7, 1995—Decided July 5, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 93AP-478.

————————

{¶ 1} On November 11, 1986 , appellant, Barbara Kenty, purchased an automobile with the proceeds of a loan obtained from Bank One, Columbus, N.A. ("Bank One Columbus").  Kenty executed a loan agreement that granted Bank One Columbus a security interest in the automobile as collateral for the loan.  Kenty also executed a Notice of Requirement to Provide Insurance ("insurance notice"), which stated:

"I understand the terms of my loan require that:

"(a) I provide property insurance against loss or damage * * * on the collateral securing my loan, in an amount sufficient to cover the outstanding balance on my loan, plus any existing liens on the collateral.  This coverage  is

commonly referred to as collision and comprehensive insurance, if the collateral is personal property * * *.

"* * *

"I understand that I may obtain the insurance from any agent or company of my choice; if I fail to obtain the required insurance BANK ONE, at its option, but without any obligation to do so, may apply in my name and at my expense to purchase limited insurance for the protection of only BANK ONE for the amount of my loan. I authorize BANK ONE to add such insurance premiums, and finance charges thereon, to my loan balance. I understand that BANK ONE will retain a security interest in the collateral securing my loan until the entire balance, including any premiums and finance charges, is paid.

"ANY INSURANCE OBTAINED BY BANK ONE WILL NOT PROVIDE ME WITH LIABILITY COVERAGE FOR BODILY INJURY OR PROPERTY DAMAGE AND WILL NOT FULFILL THE REQUIREMENTS OF ANY FINANCIAL RESPONSIBILITY LAW."

{¶ 2} Upon Kenty's failure to obtain her own insurance, Bank One Columbus obtained collateral protection insurance from appellee Transamerica Premier Insurance Company ("Transamerica") for the years 1986 through 1990 and added the premiums to Kenty's loan balance. The collateral protection insurance coverage included conversion, embezzlement and secretion coverage, mechanic's lien coverage, premium deficiency coverage, repossession expense coverage, repossessed vehicle coverage, and repossession storage expense coverage (the "six coverages").

{¶ 3} Appellee Bank One Corporation ("Bank One") owns appellee Bank One Ohio Corporation ("Bank One Ohio") and appellee Bank One Wisconsin Insurance Services Corporation ("Bank One Wisconsin Insurance"). Bank One Ohio is a holding company for Bank One Columbus. Transamerica owns appellee Transamerica Premier Insurance Services, Inc. ("Transamerica Insurance").

2

**{¶ 4}** On July 21, 1992, Kenty filed a class action complaint against appellees in the Franklin County Court of Common Pleas.

**{¶ 5}** The first count of the complaint alleged that appellees had tortiously interfered with the contractual relationship between Kenty and Bank One Columbus. Kenty claimed that appellees had provided Bank One Columbus with insurance coverage to add to the principal of Kenty's loan that Kenty had not agreed to purchase. As a result, Kenty alleged that the premiums Bank One Columbus had added to the principal of her loan exceeded the premiums that she would have been obligated to pay for the coverage required by the insurance notice. Kenty alleged that the insurance notice required her to pay for only property insurance, but that the appellees compelled her to pay for the six coverages.

**{¶ 6}** Kenty also alleged in her complaint that appellees engaged in a scheme where Transamerica issued a certificate of insurance to Kenty that listed an artificially inflated price for the coverages that Kenty was obligated to purchase pursuant to the terms of the insurance notice. Kenty claimed that the price failed to deduct commission amounts paid by Transamerica Insurance to Bank One Wisconsin Insurance for the purchase of the coverage by Bank One Ohio.

**{¶ 7}** In the second count of her complaint, Kenty alleged that when the appellees conspired to charge her for the six coverages and failed to deduct the commissions received by Bank One Wisconsin Insurance from her premiums, appellees engaged in an unlawful civil conspiracy.

**{¶ 8}** In count three of her complaint, Kenty alleged that Transamerica breached its duties of good faith and fair dealing which it owed to Kenty.

**{¶ 9}** The trial court granted appellees' motions to dismiss Kenty's complaint, having found no claim upon which relief could be granted pursuant to Civ.R. 12(B)(6).

**{¶ 10}** The Court of Appeals for Franklin County affirmed the trial court's dismissal.

**{¶ 11}** This matter is now before this court upon the allowance of a motion to certify the record.

_____

*Malakoff, Doyle & Finberg, P.C., Ellen M. Doyle* and *Michael P. Malakoff; Specter Law Offices, P.C*. and *George B. Mahfood; Rishel, Myers & Kopech* and *David A. Kopech*, for appellant.

*Morrison & Foerster* and *Mark P. Ladner; Buckingham, Doolittle & Burroughs* and *Joel H. Mirman*, for appellees Transamerica Premier Insurance Company and Transamerica Premier Insurance Services, Inc.

*Vorys, Sater, Seymour & Pease, David S. Cupps* and *Anthony J. O'Malley; Betts & Perry* and *Michael J. Betts*, for appellees Banc One Corporation, Banc One Ohio Corporation and Banc One Wisconsin Insurance Services Corporation.

*Murray & Murray, John T. Murray, Thomas J. Murray* and *Alicia Wolph,* urging reversal for *amicus curiae*, Ohio Academy of Trial Lawyers.

_____

**PFEIFER, J.**

**{¶ 12}** A motion to dismiss can be granted only where the party opposing the motion is unable to prove any set of facts which would entitle him to the relief requested. When reviewing a complaint under this standard, the factual allegations contained in the complaint are taken as true. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242; 71 O.O.2d 223, 327 N.E.2d 753; *Bridges v. Natl. Eng. & Contracting Co.* (1990), 49 Ohio St.3d 108, 112, 551 N.E.2d 163, 167. When reviewing a case on a motion to dismiss, the reviewing court must construe all material allegations in the complaint and all reasonable inferences drawn therefrom in favor of the nonmoving party. *Phung v. Waste Mgt., Inc.* (1986), 23 Ohio St.3d 100, 23 OBR 260, 491 N.E.2d 1114. This standard of review must be applied to all three counts of Kenty's complaint to determine whether the complaint was properly dismissed.

I

**{¶ 13}** The first count of Kenty's complaint alleges that appellees tortiously interfered with Kenty's contract with Bank One Columbus. Before addressing the details of this count, it is necessary to determine whether a cause of action for tortious interference with a contract is recognized in Ohio. Although many appellate courts have recognized the tort of tortious interference with a contract, this court has never formally done so. For the record, therefore, this court conforms to the trend of other Ohio courts and holds that the tort of tortious interference with a contractual relationship is recognized in Ohio.

**{¶ 14}** We must also determine the elements of tortious interference with a contract. For guidance we look to the Restatement of the Law 2d, Torts (1979), which has been cited by the Franklin County Court of Appeals in *Developers Three v. Nationwide Ins, Co.* (1990), 64 Ohio App.3d 794, 798, 582 N.E.2d 1130, 1133. Section 766 of the Restatement provides:

"Intentional Interference with Performance of Contract by Third Person.

"One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract."

**{¶ 15}** This section of the Restatement has been adopted in other states. See *Trimble v. Denver* (Colo. 1985), 697 P.2d 716; *Westway Trading Corp. v. River Teminal Corp.* (Iowa 1982), 314 N.W.2d 398; and *Hangar One, Inc. v. Davis Assoc., Inc.* (1981), 121 N.H. 586, 431 A.2d 792. We too adopt the analysis of the Restatement and hold that in order to recover for a claim of intentional interference with a contract, one must prove (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) lack of justification, and (5) resulting damages.

**{¶ 16}** Assuming all of the facts alleged in appellant's complaint are true, we hold that Kenty's complaint addresses all of the elements of intentional interference with a contract. Kenty claims that there is a contract between herself and Bank One Columbus. Kenty claims that appellees maliciously interfered with the contract and caused Bank One Columbus to charge Kenty for insurance that she was not required to purchase. Finally, Kenty alleges that she suffered monetary damages as a result of appellees' actions. By drawing all inferences in favor of Kenty, as we are required to do, we hold that this overcharging for insurance coverage could have been a breach by Banc One Columbus induced by the appellees. Thus, the court of appeals erred when it affirmed the dismissal of Kenty's claim of interference with a contract.

II

**{¶ 17}** We next determine whether Kenty's claim for unlawful civil conspiracy was properly dismissed. "Civil conspiracy" has been defined as "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." *LeFort v. Century 21-Maitland Realty Co.* (1987), 32 Ohio St.3d 121, 126, 512 N.E.2d 640, 645, citing *Minarik v. Nagy* (1963), 8 Ohio App.2d 194, 196, 93 Ohio Law Abs. 166, 168, 26 O.O.2d 359, 360, 193 N.E.2d 280, 281.

**{¶ 18}** Kenty claims that appellees secretly conspired to charge her for the six coverages, which she did not authorize. Kenty also claims that appellees conspired to conceal payments made from Transamerica Insurance to Bank One Wisconsin Insurance that should have reduced the amount of premiums she was required to pay. Kenty's complaint alleges that the statement of insurance issued to Kenty by Transamerica did not disclose the proper premium that she should have paid. Finally, in the civil conspiracy count of her complaint, Kenty alleges monetary damages as a result of appellees' actions.

{¶ 19} These allegations in Kenty's complaint, if true, fulfill our definition of "civil conspiracy" announced in *LeFort*. Thus, the count in Kenty's complaint alleging civil conspiracy should not have been dismissed.

### III

{¶ 20} In her propositions of law, Kenty does not contest the trial court's dismissal of the third count of her complaint, which alleges that Transamerica breached the duty of good faith and fair dealing that it owed to her pursuant to their contractual relationship. Accordingly, we do not consider the portion of the court of appeals' opinion that affirms the trial court's dismissal of the third count of Kenty's complaint.

### IV

{¶ 21} We reverse the judgment of the court of appeals to the extent it affirms the trial court's dismissal of counts one and two of Kenty's complaint.

*Judgment reversed*

*and cause remanded.*

DOUGLAS, YOUNG, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

MOYER, C.J., concurs in the syllabus only.

FREDERICK N. YOUNG, J., of the Second Appellate District, sitting for WRIGHT, J.

————————————