OPINION
{¶ 1} Plaintiff-appellant Earl E. Johns appeals the decision of the Common Pleas Court dismissing his complaint against defendants-appellees Ohio Adult Parole Authority (OAPA), Ohio Department of Rehabilitation and Correction (ODRC), and the prosecuting attorney for Mahoning County (collectively known as appellees). This court is asked to determine whether the trial court incorrectly dismissed Johns' complaint because there was no actual controversy. For the reasons discussed below, the trial court's decision is affirmed.
 STATEMENT OF FACTS {¶ 2} In 1992, Johns entered into a plea agreement with the state. He entered a guilty plea to two counts of rape in violation of R.C. 2907.02(A)(2). He raped his two children who were under the age of sixteen. He was sentenced to two indefinite terms of 7-25 years. The sentences were to be served concurrently. The plea agreement makes no reference as to which category he would be placed in under the parole guidelines. Under the parole guidelines chart, the category label is used to determine how many months an offender should serve before he is released on parole.
 {¶ 3} Johns' first parole consideration hearing was in June 1997. Parole was denied. In November 1999, another parole hearing was held. At that hearing, the OAPA gave him a risk score of 0, placed him in Offense Behavior Category 11, denied him parole and set his next hearing date for August 2002. Being placed in Offense Behavior Category 11 meant that it was recommended that Johns serve 180 to 240 months before released on parole. See Parole Guidelines Chart. Johns filed a civil complaint seeking declaratory judgment against appellees, claiming they violated his plea agreement by placing him in Offense Behavior Category 11. Johns claims he should have been placed in Offense Behavior Category 8, which means he would only have to serve 60 to 84 months before released on parole. The trial court dismissed the complaint because Johns failed to show that there was an actual controversy or a justiciable issue existing between the parties. This timely appeal followed.
 ASSIGNMENTS OF ERROR {¶ 4} Johns raises two assignments of error. These assignments will be addressed together. Said assignments contend:
 {¶ 5} "THE TRIAL COURT ERRED BY DISMISSING APPELLANT'S COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF PURSUANT TO CIV.R. 12(B)(6), THE TRIAL COURT PLAINLY DISMISS [SIC] THE APPELLANT'S COMPLAINT WITHOUT FACT FINDING CONCLUSION OF THE LAW, WHEN IT IGNORED THE PLAIN ALLEGATIONS, REQUEST AND CASE LAW FOUND IN THE COMPLAINT, AND WHERE A REAL CONTROVERSY AROSE BETWEEN PARTIES CONCERNING APPELLANT'S CONTRACT OR PLEA AGREEMENT WITH THE STATE OF OHIO AS WELL AS THE ADULT PAROLE AUTHORITY'S APPLICATION OF THE NEW GUIDELINES IMPLEMENTED MARCH 1, 1998."
 {¶ 6} "WHETHER THE FAILURE OF THE OHIO ADULT PAROLE AUTHORITY TO PLACE THE PLAINTIFF IN HIS PROPER OFFENCE [SIC] CATEGORY WHICH WAS THE OBJECT OF THE NEGOTIATED PLEA AGREEMENT/CONTRACT TO START THEIR DETERMINATION OF HOW MUCH TIME THE PLAINTIFF MUST SERVE THUS CAUSING MORE TIME TO SERVED, [SIC] THAT OTHER SIMILAR SITUATED PRISONERS IS [SIC] A VIOLATION OF THE DUE PROCESS AND EQUAL PROTECTION CLAUSES OF BOTH THE U.S. AND OHIO CONSTITUTIONS, AND IS A BREACH OF HIS CONTRACT/PLEA AGREEMENT AS WAS FOUND IN RANDOLPH AND LEE AND WARRANTS RELIEF."
 {¶ 7} An appellate court reviews a motion to dismiss predicated on Civ.R. 12(B)(6) de novo. In Defense of Deer v. Cleveland Metroparks
(2000), 138 Ohio App.3d 153, 160. When reviewing a complaint under this standard, the factual allegations contained in the complaint are taken as true. Vail v. Plain Dealer Publishing Co., 72 Ohio St.3d 279, 280,1995-Ohio-187. The reviewing court must construe all material allegations in the complaint and all reasonable inferences drawn therefrom in favor of the nonmoving party. Kenty v. Transamerica Premium Ins. Co.,72 Ohio St.3d 415, 418, 1995-Ohio-61.
 {¶ 8} Three elements are necessary to obtain a declaratory judgment: 1) a real controversy between the parties; 2) a controversy which is justifiable in character; and 3) a situation where speedy relief is necessary to preserve the rights of the parties. Burger Brewing Co.v. Liquor Control Comm. (1973), 34 Ohio St.2d 93. If Johns failed to provide any set of facts that would entitle him to the relief he requested, his action fails. Kenty, 72 Ohio St.3d at 418.
 {¶ 9} It is undisputed that Johns has no right to parole. State exrel. Henderson v. Ohio Dept. of Rehab. Corr., 81 Ohio St.3d 267,268, 1998-Ohio-631. Also, it is undisputed that the OAPA was entitled to consider the original indictment in determining whether to deny or grant parole. State ex rel. Askew v. Goldhart, 75 Ohio St.3d 608,1996-Ohio-448. The OAPA has wide discretion in determining whether an offender will be released on parole.
 {¶ 10} Johns claims that the OAPA is bound by the plea agreement and cannot consider the original indictment/underlying offense in determining his category label under the Parole Guidelines. The OAPA and ODRC claim that the OAPA is not bound by the plea agreement and therefore, may look to the indictment/underlying offense in determining his category label.
 {¶ 11} The key issue in this appeal is whether in determining the offense category, the OAPA is bound to place the offender in the category for the offense to which he/she pled or whether the OAPA can place the offender in the category of the indicted offense. The answer to this question is currently a point of contention among the Ohio Appellate Districts. The Third District Court of Appeals has stated that the OAPA is not bound by the plea agreement. Layne v. Ohio Adult ParoleAuthority, 3rd Dist. No. 9-2001-06, 2001-Ohio-2222; State v. Shaner, 3rd Dist. Nos. 8-99-15, 8-99-17, 2000-Ohio-1919. However, according to the Second and Tenth Ohio Appellate Districts, the OAPA is bound by the plea agreement. Randolph v. Ohio Adult Parole Authority (Jan. 21, 2000), 2nd Dist. No. 99CA17, Harris v. Wilkinson, 10th Dist. No. 01AP-598, 2001-Ohio-4052.
 {¶ 12} Due to the conflict between the districts, the Ohio Supreme Court has a certified question concerning Layne and Randolph before it. The certified question before the Court is:
 {¶ 13} "Is a plea agreement breached when the Ohio Adult Parole Authority (`APA') classifies an offender, for purposes of its discretionary parole guidelines, according to the nature of the offense rather than the lesser offense to which the plea is entered when the plea agreement has been fully performed by the prosecutor and the sentencing court, and the APA's classification will not result in the offender being incarcerated beyond the maximum sentence under the plea agreement?"Layne v. Ohio Adult Parole Authority (2001), 93 Ohio St.3d 1448 (oral argument set for September 18, 2002).
 {¶ 14} For purposes of this appeal, we will assume, without deciding, that the OAPA is bound by the plea agreement. See Walker v.Ghee, 10th Dist. No. 01AP-960, 2002-Ohio-297. However even under this assumption, Johns' claim fails. All of the cases dealing with the classification of the offenders are similar in that the offense the offender pled to was a lesser offense than the indicted offense. In these cases, the OAPA used the underlying offense/indictment to categorize the offender. Randolph, 2nd Dist. No. 99CA17; Harris, 10th Dist. No. 01AP-598; Layne, 3rd Dist. No. 9-2001-06; Lee v. Ohio Adult ParoleAuthority, 2nd Dist. No. 18833, 2001-Ohio-1466.
 {¶ 15} Factually this is not the situation in the case before us. The bill of information is for two counts of rape in violation of R.C.2907.02(A)(2)(B). The plea agreement is for two counts of rape in violation of R.C. 2907.02(A)(2). The difference between the two is the deletion of section (B) from the plea. Section (B) provides that under this section rape is a first degree felony. Taking everything in the complaint as true, Johns pled guilty to two counts of rape of his two daughters who were under 16 years old. Even if the OAPA is bound by the plea agreement, there is no controversy because the indictment and the crime as pled are the same. Therefore, Johns' argument fails.
 {¶ 16} His argument also fails because the OAPA, in placing him in category 11, was looking to the factors enumerated in the guidelines, not the original indictment. Under the OAPA Guidelines Manuel, rape falls under two categories, 9 and 10. However, the guidelines allow for a downward departure to 8 when certain circumstances exist. Under the Criminal History/Risk Score sheet for Johns, the OAPA placed him initially in category 10, but departed upward to category 11 because there were two victims.
 {¶ 17} In considering whether an offender falls under category 9 or 10, four factors are examined. The four factors are as follows: 1) serious bodily injury results from the rape; 2) the victim is raped by more than one offender; 3) the victim is less than 16 years of age, and; 4) the victim is kidnapped to facilitate the offense. OAPA Guidelines Manual Subchapter D — Sexual Offenses, 231 Rape, (a)(3). If any one of these four factors are present, the offender is placed in category 10, if none of the factors are present then the offender is placed in category 9. Johns was placed in category 10 because the age of the victims were under 16 years old. Under the version of R.C. 2907.02 that was in effect at the time Johns was convicted, the above four factors do not mirror specific sections a person could be charged with under this statute. Therefore, it cannot be said that the OAPA, in Johns' situation, was looking to the indictment rather than the pled to charge. The OAPA was simply looking at the factors enumerated in their own guidelines. As stated above, the plea agreement was for the same charges as in the indictment.
 {¶ 18} Furthermore, the notes under this section in the guidelines allows for departure downward to category 8 when: 1) the offense occurs during a voluntary association between the victim and offender and immediately follows substantial sexual contact to which the victim consented; (2) no weapon was involved; (3) the victim is not threatened with death or serious bodily injury, and (4) the victim does not suffer bodily injury. These elements do not mirror specific sections in which an offender could be convicted under R.C. 2907.02. If Johns believes the OAPA should not be allowed to consider the factors under category 10, then under his reasoning the OAPA should not be able to consider the factors under category 8. However, as stated above, these factors are not elements of the indicted crime of rape, nor are they elements of another greater related rape crime that he was charged with or indicted under. Also, the plea agreement does not reflect that Johns was promised he would be placed in category 8 for purposes of parole.
 {¶ 19} Additionally, Johns argues that the OAPA was not permitted to place him in a higher category due to the fact that there were two victims/two counts, when his sentence for the two counts were run concurrently. Regardless of his sentence, he pled to two counts of rape. The guidelines permit an upward departure for crimes when there is more than one victim. Furthermore, the plea agreement is for two counts of rape. As such, the OAPA was not acting outside the bounds of the plea agreement.
 {¶ 20} Regardless of the conflict between the Ohio Appellate Districts on whether the OAPA is or is not bound by the plea agreement, Johns' claim fails. Johns has provided no evidence that the state promised it would impose any different terms for his release. Therefore, the trial court was correct in dismissing the action. Nothing in this opinion should be read to state that this district is holding that the OAPA is or is not bound by the plea agreement.
 {¶ 21} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.