DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Laurel A. Casillas, appeals the September 21, 2004 judgment of the Sandusky Municipal Court, Small Claims Division, which granted judgment against appellee, K. David Stinchcomb, dba Stinchcomb and Associates, Inc., in the amount of $448.61. For the following reasons we affirm the trial court's decision.
 {¶ 2} The relevant facts are as follows. Appellant began her employment with appellee on February 23, 2004. Appellant was terminated from her employment on March 22, 2004. On May 6, 2004, appellant filed a complaint for wrongful discharge seeking damages totaling $2,911.55, including $1,811.50 for mileage reimbursement. On June 22, 2004, the parties appeared and appellant's request for a continuance was granted. On July 13, 2004, appellee filed a counterclaim alleging appellant failed to return items belonging to appellee. Appellee dismissed his counterclaim when appellant returned the items. The trial on appellant's claims was conducted on July 28, 2004.
 {¶ 3} On September 1, 2004, the Magistrate's Findings and Decision was filed with the following findings of fact and conclusions of law. During appellant's employment, an "Employee Handbook" provided for the terms of employment. The handbook provides for reimbursement of gasoline expenses and other transportation costs.
 {¶ 4} Appellant submitted a daily log of the miles driven in the course of her employment totaling 4,584 miles. Appellant failed to produce any receipts for gasoline costs; however, appellee conceded that $348.61 is an accurate estimate of gasoline expense. The magistrate found that appellant was entitled to recover actual expenses of travel incurred as a result of her employment as provided by the "Employee Handbook" and wages limited to actual days worked. On September 14, 2004, appellant filed objections to the magistrate's decision. On September 21, 2004, the trial court adopted the magistrate's decision. This appeal followed.
 {¶ 5} Appellant sets forth the following assignment of error:
 {¶ 6} "The trial court erred in holding that appellant was not entitled to mileage reimbursement as a transportation cost where the same was a provision of the employee handbook received from the employer."
 {¶ 7} The purpose of the court in contract interpretation is to determine the intent of the parties. Foster WheelerEnviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.
(1997), 78 Ohio St.3d 353, 361. The question of whether or not an ambiguity exists is a question of law that is reviewed de novo.Yarder v. Scherer, 6th Dist. No. L-03-1035, 2003-Ohio-6744, at ¶ 17. If a term is ambiguous, its interpretation is a question of fact, and the standard of review is abuse of discretion. Id. A court has abused its discretion only if its decision is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. If a contract term is clear and unambiguous, its interpretation is a matter of law, and the standard of review is de novo. Nationwide Mut. Fire Ins. Co.v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108.
 {¶ 8} Appellant contends that the doctrine of promissory estoppel applies to this case. Appellant also argues that the company's express policy is to reimburse employees for mileage, and policy reasons of fairness and equity support her entitlement to mileage reimbursement.
 {¶ 9} The provision at issue states, in part:
 {¶ 10} "Travel and Expense Reimbursement"
 {¶ 11} "The Company reimburses employees who travel on the Company business, including GAS expense or other transportation costs, tolls and parking fees, lodging, meals, and incidentals * * *. Reimbursement for mileage totals, meals, lodging, and other business-related costs is not given when the employee chooses to deduct those amounts as business expenses on his or her income tax return."
 {¶ 12} The trial court held that this provision entitled appellant to reimbursement for her gas expense only and not mileage. Appellant contends that this term should be interpreted to mean that if an employee does not seek mileage deduction on her taxes, the employee is eligible for mileage reimbursement.
 {¶ 13} We must first determine whether or not the above-quoted provision is ambiguous. A contract term is ambiguous if it is susceptible to more than one reasonable interpretation.Fleming v. Rusch Properties, (Mar. 1, 2001), 10th Dist. No. 00AP-595. When determining whether a contract term is ambiguous the court must give common words in a written instrument their ordinary meaning unless manifest absurdity would result. Shifrinv. Forest City Ent., Inc. (1992), 64 Ohio St.3d 635, 638.
 {¶ 14} Upon review, we conclude that the provision of the handbook is subject to more than one reasonable interpretation. The terms provide for gas expense and other transportation costs yet are silent as to what those transportation costs include. The term "other transportation costs" could have many reasonable interpretations.
 {¶ 15} The provision further indicates that an employee cannot receive reimbursement for mileage when he or she chooses to deduct the amount on his or her income tax return. This term also is susceptible to at least two reasonable interpretations. One reasonable interpretation could indicate that appellee automatically reimburses for mileage when an employee chooses not to deduct the expense on his or her income tax return. However, another interpretation of this term is that appellee does not automatically give reimbursement for mileage, but precludes an employee from reimbursement when he or she chooses to deduct the expense.
 {¶ 16} Because we have determined that the "Travel and Expense Reimbursement" provision of the employee handbook is ambiguous, the decision of the trial court will be upheld absent an abuse of discretion. The court interpreted the company policy to include only reimbursement for actual travel expenses. This is a reasonable interpretation. Thus, we cannot say that the court abused its discretion when it held that the employee handbook did not provide for mileage reimbursement.
 {¶ 17} We will now consider appellant's argument that the doctrine of promissory estoppel provides that she should receive mileage reimbursement from appellee. Promissory estoppel requires that a promise which the promisor should reasonably expect to induce action or forbearance and does induce action or forbearance is binding if injustice can only be avoided by enforcement of that promise. Talley v. Teamsters Local No. 377
(1976), 48 Ohio St.2d 142, 146.
 {¶ 18} The elements for promissory estoppel include the following: (1) a clear and unambiguous promise; (2) reliance by the party to whom the promise is made; (3) reliance is reasonable and foreseeable; and (4) injury resulting from reliance. O.E.Meyer Co. v. The BOC Group, Inc. (Mar. 3, 2000), 6th Dist. No. E-99-002.
 {¶ 19} The first element of promissory estoppel requires a clear and unambiguous promise. A clear and unambiguous promise is the type that a promisor would expect to induce reliance.Sidenstricker v. Miller Pavement Maintenance, Inc., 10th Dist. Nos. 00AP-1146 and 00AP-1460, 2001-Ohio-4111, at ¶ 39. The first element of promissory estoppel is not satisfied by vague or ambiguous references. Aeroquip Corp. v. Miller (Dec. 15, 1995), 6th Dist. No. L-95-080.
 {¶ 20} Appellant argues that appellee made a clear promise in the handbook that it would reimburse for transportation costs. She states that she relied on this promise when she used her personal vehicle for business purposes, and reliance was foreseeable given the extensive travel her employment required. Finally, she contends this reliance caused detriment to her personal vehicle.
 {¶ 21} As we have previously determined, the handbook provision providing for reimbursement of travel expenses is ambiguous. It follows that appellant has failed to establish the first element of promissory estoppel. Therefore, absent a clear and unambiguous promise, it is unnecessary to proceed to an analysis of the other three elements.
 {¶ 22} Finally, appellant argues that policies of fairness and equity support her entitlement to mileage reimbursement. She states that use of her vehicle for work purposes increased the cost of operating her vehicle, including wear on her tires and general maintenance expenses. However, appellant cites no authority to support the contention that employers should be required to reimburse employees for mileage driven during the course of employment as a matter of public policy. Appellant also does not produce evidence of any specific injury to her vehicle to support this argument. Appellant's assignment of error is not well-taken.
 {¶ 23} On consideration whereof, we find that substantial justice was done the party complaining, and the decision of the Sandusky Municipal Court, Small Claims Division, is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Erie County and for which execution is awarded. See App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Parish, J., concur.