JOURNAL ENTRY AND OPINION
{¶ 1} Lawrence Landskroner appeals the trial court's grant of summary judgment in favor of his son, Jack Landskroner. He contends there are material questions of fact that preclude summary judgment. We affirm.
 {¶ 2} Lawrence Landskroner ("Lawrence") appeals following a remand from this Court in Landskroner v. Landskroner,154 Ohio App.3d 471, 2003-Ohio-5077 ("Landskroner I"),[1] finding partial error in the trial court's grant of Jack Landskroner's ("Jack") motion to dismiss. We remanded the case only as to claims of tortious interference and action on loan, but affirmed the dismissal as to the other thirteen causes of action.
 {¶ 3} Upon remand, Jack moved for a more definite statement as it related to both counts, to which Lawrence responded. In April 2004, Jack moved for summary judgment, which the court granted. Lawrence appeals from this order in the assignments of error set forth in the appendix to this opinion.
I. Standard of Review
 {¶ 4} Appellate review of summary judgment is de novo.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336. The Ohio Supreme Court set forth the appropriate test in Zivich v. Mentor Soccer Club, 82 Ohio St.3d 367,369-370, 1998-Ohio-389, and held:
"Pursuant to Civ.R. 56, summary judgment is appropriate when(1) there is no genuine issue of material fact, (2) the movingparty is entitled to judgment as a matter of law, and (3)reasonable minds can come to but one conclusion and thatconclusion is adverse to the nonmoving party, said party beingentitled to have the evidence construed most strongly in hisfavor. The party moving for summary judgment bears the burden ofshowing that there is no genuine issue of material fact and thatit is entitled to judgment as a matter of law." (Citationsomitted)
 {¶ 5} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95.
III. Action on Loan
 {¶ 6} In his first assignment of error, Lawrence claims the trial court erred in granting summary judgment as to count fifteen of the amended complaint, "action on loan." This claim sought an alleged $6,000 unpaid balance stemming from an $80,000 loan Lawrence made to the firm in 1999. The prayer for relief on this count sought the unpaid principal balance plus interest at a rate of 10 per cent per annum from the date of the amended complaint.[2]
 {¶ 7} Following our remand in Landskroner I, depositions were scheduled for both Lawrence and Jack. During Jack's deposition on December 23, 2003, and immediately following a reference to the unpaid $6,000 loan, Jack's attorney offered opposing counsel a $6,000 check made payable to Lawrence Landskroner. Counsel specifically noted that his check was in lieu of count fifteen of the complaint, i.e., action on loan, and the following discussion took place:
"MR. DUBYAK: On the record. Just let the record reflect we'vetendered the $6,000 to satisfy the claim. You've indicated thatyou won't accept it.
 We've also indicated that we would pay interest as prayed forin the complaint of a thousand-forty dollars, and you haverefused that, and that any claim, for whatever the properinterest calculation, really doesn't go to the merits, but can beworked out among counsel.
 So if you want to refuse to accept that and continue to askquestions, then go ahead.
 MR. BENNETT: At this time we will refuse. I'm not saying wewill refuse for good, nor do we wish to engage in bad faithnegotiations.
 We will place on the record that you appear to be making theoffer in good faith. Thank you, Mr. Dubyak." (Deposition at16-17.)
 {¶ 8} Although the offer of payment in full, including interest, was made on December 23, 2003, this record before the court reflects that Lawrence never accepted the offer.
 {¶ 9} Instead, Lawrence claimed in his response to Jack's summary judgment motion that he refused the offer because the amount was not tendered with interest as prayed for in his complaint, and because he wished to engage in further discovery regarding the loan to see if it in any way related to the acquisition of business contracts for the prosecution of the tortuous interference claim.
 {¶ 10} As it relates to Lawrence's contention that it was necessary to wait for the court's response to the objections during deposition, the sole question objected to during deposition, which the court later overruled, states:
"But isn't it true that you had agreed to split the profitswith your father at the time?" (Tr. At 70-71)
 {¶ 11} It is apparent that neither the question nor the response related to the issue of the "action on loan." Nonetheless, even in his response to Jack's motion for a more definite statement, Lawrence claimed that he was attaching a document to his response that clearly showed a loan was made that was not fully repaid. The record contains no such document attached to Lawrence's November 24, 2003 Response to Defendant's Motion for a More Definite Statement.
 {¶ 12} "A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial." Wing v. Anchor Media, Ltd.Of Texas (1991), 59 Ohio St.3d 108, at paragraph three of the syllabus. The moving party is entitled to judgment as a matter of law whenever the nonmoving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett (1986),477 U.S. 317, 323, 106 S.Ct. 2548, 2552.
 {¶ 13} The record clearly reflects that despite a claim for the remaining $6,000 balance on the claimed loan, Lawrence never attached documents proving the existence of this loan. Even assuming, arguendo, that a loan existed, Lawrence has failed to put forth any documents referencing the remainder due on the loan or any delinquency. While counsel for Jack tendered an offer of $6,000 plus interest to settle the claim, this offer was rejected.
 {¶ 14} We find that Jack satisfied his burden of proof that no genuine issue of material fact remained as to the existence of this loan, and that Lawrence's failure to set forth facts evidencing such a genuine issue necessitated the trial court's grant of summary judgment in Jack's favor.
 {¶ 15} For the reasons stated above, this assignment of error lacks merit.
III. Tortious Interference
 {¶ 16} In his second assignment of error, Lawrence claims that the trial court's grant of summary judgment was in error as it relates to his claim of tortious interference.
 {¶ 17} As we outlined in Landskroner I, supra, in FredSiegel Co., L.P.A. v. Arter Hadden, 85 Ohio St.3d 171,1999-Ohio-260, the Supreme Court of Ohio reaffirmed Kenty v.Transamerica Premium Ins. Co., 72 Ohio St.3d 415, 1995-Ohio-61, and set forth the elements of tortious interference with contract. These elements include: (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages. The court in Fred Siegel made clear, however, that compliance with the Disciplinary Rules, or the lack thereof, does not excuse or serve as a basis for liability for a tortious-interference-with-contract claim.
 {¶ 18} In Lawrence's response to Jack's motion for a more definite statement, Lawrence asserted that he adequately complied with the fact pleading requirement as outlined in Civ.R. 8(A). He additionally claimed the existence of contracts with which Jack interfered, resulting in damages in excess of $25,000.
 {¶ 19} Specifically, Lawrence claimed that Jack failed to share the settlement proceeds from a claim of Michael Hippo. While Lawrence claimed that Hippo was his client, he failed to offer any evidence of this fact, other than mere allegations. Further, attached to Jack's motion for summary judgment was an affidavit by Michael Hippo. In the affidavit, Hippo claimed that he never met Lawrence, that he entered into a written fee agreement with only Jack and his Firm on February 7, 2000, and, that while significant amounts of time were spent in settlements and negotiations, Lawrence was never involved.
 {¶ 20} Although Lawrence also alleged that Jack interfered with other business relationships and outlined several names at Jack's deposition, Lawrence failed to prove that Jack had in any way interfered with these individuals in spite of Jack's repeated denials. A mere assertion of wrongdoing without support does not create a genuine issue of material fact.
 {¶ 21} Contrary to Lawrence's assertion that the trial court ordered the parties to return to deposition to answer any further questions, the trial court's only action was to overrule one objection during Jack's deposition regarding any agreement to split profits. (Journal Entry, June 25, 2004). Regardless of the answer to this question, the underlying fact remains: Lawrence failed to prove the existence of a contract as it relates to any tortious interference claim, and has failed to establish any evidence of wrongdoing on Jack's part.
 {¶ 22} Lawrence has failed to prove the existence of any element of a tortious interference claim.
 {¶ 23} This assignment of error lacks merit.
Judgment Affirmed.
 APPENDIX ASSIGNMENTS OF ERROR:
 "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTIONSUMMARY JUDGMENT ON ACTION ON LOAN.
 II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WITHRESPECT TO TORTIOUS INTERFERENCE WITH CONTRACT"
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Rocco, J., concur.
[1] A complete statement of the facts is available inLandskroner I.
[2] We note that Lawrence's prayer for relief contains a typographical error which reverses the demands for counts fourteen and fifteen. It is clear from the body of the amended complaint, however, that the intention was to demand $6,000 plus interest at the rate of 10 per cent per annum from the date of the amended complaint.