JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Edward Williams, pro se, appeals the trial court's March 23, 2007 judgment granting the motion to dismiss of defendants-appellees U.S. Bank Shaker Square, Shari L. Cloud, Broderick May and Linda Allen (collectively "the U.S. Bank appellees"). Williams also appeals the trial court's judgment of the same date granting the motion for summary judgment of *Page 3 
defendants-appellees Myers University, Dr. Michelle Spain and Robert Feingold (collectively "the Myers University appellees").[1]
 {¶ 2} Williams initiated this action, pro se, against appellees alleging promissory estoppel, fraud and civil conspiracy. According to Williams' complaint, in February 2005, he called the Small Business Administration ("SBA") in Cleveland for information on how to obtain a small business loan for a real estate business. The SBA referred him to Dr. Spain, Director of Myers University's Minority Contractors and Business Assistance Program. Dr. Spain and Williams discussed his business plan and interest in obtaining a loan to proceed with the plan.
 {¶ 3} According to Williams, Dr. Spain did not adequately assist him with his efforts to obtain the loan, so he contacted Cloud at the U.S. Bank Shaker Square. Williams further alleged in his complaint that he attended an informational meeting on March 18, 2005, at which Dr. Spain and May, a U.S. Bank branch manager, were present. According to Williams, Dr. Spain told the attendees at the meeting that Williams' loan was a "done deal," and May acknowledged Dr. Spain's statement.
 {¶ 4} Williams contended that, after that meeting, Dr. Spain told him that she wanted him to participate in an MBA class she was teaching and that through his *Page 4 
participation in the class he would be paired with another student. Williams contended that Dr. Spain informed him that participation in her class would enhance his chance of obtaining the loan. Williams agreed to participate in the class, and he and Anthony Bates, the student with whom he was paired, began working on his real estate venture.
 {¶ 5} Six weeks into their work, however, Williams realized that he had not received any additional information about the loan. According to Williams, Cloud informed him that the SBA was still reviewing his application. Several weeks later, Cloud informed Williams that his loan was denied. Williams maintains that Cloud never submitted his application to the SBA.
 {¶ 6} Williams contended that Dr. Spain and Cloud defrauded him and engaged in a conspiracy by not keeping him updated regarding the status of his loan. In particular, Williams alleged that Dr. Spain delayed informing him that his loan had been denied so that he would remain in her class, and Cloud conspired with her. Williams' complaint made no mention (other than in the caption) of Feingold or Allen.[2] The body of his complaint made reference once to Myers University, stating that that is where he contacted Dr. Spain.
 {¶ 7} The U.S. Bank appellees filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6), and the Myers *Page 5 
University appellees filed a motion for summary judgment. We consider the trial court's judgment granting these motions in turn.
I. MOTION TO DISMISS
 {¶ 8} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Hunt v. Marksman Products (1995), 101 Ohio App.3d 760, 762,656 N.E.2d 726. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,65 Ohio St.3d 545, 548, 1992-Ohio-73, 605 N.E.2d 378, citing Assn. for theDefense of the Washington Local School Dist v. Kiger (1989),42 Ohio St.3d 116, 117, 537 N.E.2d 1292. Such a motion should be granted "only where the allegations in the complaint show the court to a certainty that the plaintiff can prove no set of facts upon which he might recover." Slife v. Kundtz Properties (1974), 40 Ohio App.2d 179, 186,318 N.E.2d 557.
 {¶ 9} Further, under a de novo standard of review, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of Williams. Byrd v. Faber (1991),57 Ohio St.3d 56, 60, 565 N.E.2d 584. "Unsupported conclusions of a complaint are not considered admitted and are not sufficient to withstand a motion to dismiss[,]" however. State ex rel. Fain v. SummitCty. Adult Probation Dept, 71 Ohio St.3d 658, 659, 1995-Ohio-149,646 N.E.2d 1113. Moreover, "[l]egal conclusions, deductions or opinions couched as factual *Page 6 
allegations are not given a presumption of truthfulness." Crane ShovelSales Corp. v. Bucyrus-Eire Co. (C.A.6, 1988), 854 F.2d 802, 810.
 {¶ 10} Here, Williams failed to make any allegations whatsoever in regard to Allen and, therefore, failed to state a claim upon which relief could be granted. We also find, for the reasons that follow, that appellant failed to state a claim of promissory estoppel, fraud or civil conspiracy against U.S. Bank, Cloud or May.
A. PROMISSORY ESTOPPEL
 {¶ 11} In order to prove a claim of promissory estoppel, Williams must establish the following elements: 1) a clear and unambiguous promise, 2) reliance on the promise, 3) that the reliance is reasonable and foreseeable, and 4) that he was injured by his reliance. Patrick v.Painesville Commercial Properties, Inc. (1997), 123 Ohio App.3d 575,583, 704 N.E.2d 1249. "A clear and unambiguous promise is the type that the promisor would expect to induce reliance. This element is not satisfied by vague or ambiguous references." Casillas v.Stinchcomb, Erie App. No. E-04-041, 2005-Ohio-4019, ¶ 19.
 {¶ 12} Upon review, May's acknowledgment of Dr. Spain's alleged comment about the loan being a "done deal" did not constitute "a clear and unambiguous promise" by U.S. Bank or any of its employees. Moreover, Williams failed to allege that he changed his position or relied to his detriment on any statement made by the bank or its employees. Further, although Williams prayed for relief in the amount of *Page 7 
$250,000, he failed to allege that he suffered damages as a result of reliance on any promise.
 {¶ 13} Accordingly, the trial court properly granted the U.S. Bank appellees' motion to dismiss as to Williams' promissory estoppel claim.
B. FRAUD
 {¶ 14} To maintain a fraud claim, Williams must establish: 1) a representation or, where there is a duty to disclose, concealment of a fact, 2) which is material to the transaction at hand, 3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, 4) with the intent of misleading him into relying upon it, 5) justifiable reliance upon the representation or concealment, and 6) a resulting injury proximately caused by the reliance. Williams v. AetnaFin. Co., 83 Ohio St.3d 464, 475, 1998-Ohio-294, 700 N.E.2d 859, citingCohen v. Lamko, Inc. (1984), 10 Ohio St.3d 167, 462 N.E.2d 407.
 {¶ 15} The allegations in Williams' complaint did not identify any representation made by the U.S. Bank appellees, or allege that any representation was made falsely with knowledge of its falsity and intent to mislead him. Further, Williams' complaint did not allege any justifiable reliance on any representation made by the U.S. Bank appellees, or resulting injury therefrom. The trial court properly granted the U.S. Bank appellees' motion to dismiss on the fraud claim.
 C. CIVIL CONSPIRACY *Page 8 
 {¶ 16} In Ohio, in order to establish the tort of civil conspiracy, the following elements must be proven: 1) a malicious combination of two or more persons, 2) causing injury to another person or property, and 3) the existence of an unlawful act independent from the conspiracy itself.Kenty v. TransAmerican Premium Ins. Co., 72 Ohio St.3d 415, 419,1995-Ohio-61, 650 N.E.2d 863. An action for civil conspiracy cannot be maintained unless an underlying unlawful act is committed. Gosden v.Louis (1996), 116 Ohio App.3d 195, 219, 687 N.E.2d 481.
 {¶ 17} There is no evidence of an underlying unlawful act that would support Williams' conspiracy claim. As already discussed, Williams' vague and conclusory allegations were not supported by any specific factual allegations. On this complaint, therefore, the trial court properly granted the U.S. Bank appellees' motion to dismiss on the conspiracy claim.
 {¶ 18} Accordingly, the trial court properly granted the U.S. Bank appellees' motion to dismiss Williams' complaint.[3]
II. MOTION FOR SUMMARY JUDGMENT
 {¶ 19} We also employ a de novo review in determining whether summary judgment was properly granted. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, *Page 9 
105, 1996-Ohio-336, 671 N.E.2d 241; Zemcik v. La Pine Truck Sales Equip. Co. (1997), 124 Ohio App.3d 581, 585, 706 N.E.2d 860.
 {¶ 20} Before summary judgment may be granted, a court must determine that 1) no genuine issue as to any material fact remains to be litigated, 2) the moving party is entitled to judgment as a matter of law, and 3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. Civ.R. 56(C); State ex rel. Dussell v. Lakewood Police Dept,99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, 791 N.E.2d 456, citingState ex rel. Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190,191, 1996-Ohio-326, 672 N.E.2d 654.
 {¶ 21} The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Zivich v. Mentor SoccerClub, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201. Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385,1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-359,1992-Ohio-95, 604 N.E.2d 138. *Page 10 
 {¶ 22} On January 10, 2007, the Myers University appellees served Williams with a combined discovery request, which included requests for admissions. In their motion for summary judgment, the appellees stated that Williams failed to respond to the discovery and attached the request as an exhibit, as required by Loc.R. 8(E) of the Court of Common Pleas of Cuyahoga County, General Division.
 {¶ 23} The Myers University appellees also submitted affidavits from Dr. Spain and Bates. Dr. Spain averred in her affidavit that after Williams was referred to her by the SBA, she referred Williams to Cloud, and thereafter had no obligations to him. She further averred that Williams did not qualify for a loan through any financial institution that could be guaranteed by SBA and his loan process ended. According to Dr. Spain:
 {¶ 24} "To help [Williams] with his business plans, [she] invited him to participate in the Myers University Entrepreneurship class. * * *; [She] never made any representation to [Williams] that if he participated in the class, it would enhance his chances to get a loan. Participation in the class was only to help enhance [Williams'] chance of success with his prospective business venture."
 {¶ 25} Dr. Spain also averred as follows:
 {¶ 26} "[She] never made any statements or representations that [Williams'] loan was `a done deal.' [She] only directed [Williams] to an appropriate financial institution. [She had] no authority to process or approve loans." *Page 11 
 {¶ 27} In his affidavit, Bates averred that Dr. Spain did not state or imply that Williams' loan had been approved. Bates also averred that during the course of his work with Williams (eight weeks), Williams did not state or imply that his loan had been approved.
 {¶ 28} Williams responded in opposition to the motion for summary judgment in total as follows: "pursuant to Meyers [sic] University's motion for summary judgments [sic], the affidavits were perjured and civil conspiracy[.] I feel I can prove this."
 {¶ 29} Civ.R. 36, governing requests for admissions, provides in relevant part that:
 {¶ 30} "Each matter of which an admission is requested shall be separately set forth. * * * The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Civ.R. 36(A).
 {¶ 31} Further, Civ.R. 36(E) provides that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." This court has held that "[a]n admission arising by failure to respond to a request for admissions, which is evidenced by a writing, is a `written admission' for the purposes of Civ.R. 56(C)." Precision Gear Co. v. *Page 12 Northshore Machine, Inc. (Apr. 23, 1987), Cuyahoga App. No. 52823, at 4, citing T S Lumber Co. v. Alta Constr. Co. (1984), 19 Ohio App.3d 241,244.
 {¶ 32} Here, by failing to respond to the requests for admissions, Williams admitted, among other things, the following: 1) that Dr. Spain fulfilled her obligation by referring him to U.S. Bank to submit his loan application, 2) that Dr. Spain had no authority or obligation to submit any materials to SBA for the purpose of obtaining a loan for him, and 3) that his participation in Dr. Spain's class was meant to provide him access to an MBA student to assist him in his project and enhance his chances for building a successful business.
 {¶ 33} On the basis of these admissions, the trial court properly granted the Myers University appellees' motion for summary judgment. Moreover, even considering the merits of Williams' claims, the trial court's judgment was proper. We note, as previously mentioned, that Williams' complaint failed to mention Feingold other than in the caption. The complaint further made mention of Myers University only once, stating that was where Williams contacted Dr. Spain. On that basis, summary judgment as to Feingold and Myers University was proper. In regard to Dr. Spain, for the sake of economy, we incorporate herein our previous recitation of the elements of promissory estoppel, fraud and conspiracy.
 {¶ 34} Relative to promissory estoppel, Dr. Spain averred in her affidavit that she never made any statement that Williams' loan was a "done deal." Bates also averred that Dr. Spain did not state or imply that Williams' loan had been approved, *Page 13 
and that during the course of his work with Williams, Williams did not state or imply that his loan had been approved. Williams' contention that Dr. Spain made or implied such a promise is simply unsupported by any evidence.
 {¶ 35} Further, there is no evidence that Williams took or refrained from taking any action as a result of Dr. Spain's alleged statement. Williams' contention that he agreed to participate in Dr. Spain's class because she told him that it would enhance his chance of obtaining the loan is, again, unsupported. Additionally, there is no evidence of any reliance.
 {¶ 36} Finally, there was no evidence of injury as a result of reliance on the alleged promise. Accordingly, summary judgment on Williams' promissory estoppel claim was proper.
 {¶ 37} In regard to Williams' fraud claim, his vague allegations of fraudulent acts between Dr. Spain and U.S. Bank are evidentially unsupported. As Dr. Spain averred in her affidavit, as the Director of Minority Contractors and Business Assistance Program, she referred Williams to U.S. Bank and had no further obligation to him thereafter. She further averred that she invited Williams to participate in her class so that it might help him in his business venture, and made no representation to him that participation in the class would enhance his chance of obtaining a loan. In fact, Dr. Spain averred that she did not have any authority to process or approve loans. Williams did not present any evidence challenging *Page 14 
appellees' evidence. Summary judgment, therefore, was properly granted on the fraud claim.
 {¶ 38} Finally, in regard to Williams' civil conspiracy claim, as already discussed in relation to the motion to dismiss, there was no unlawful act in this case. There was therefore no genuine issue to be litigated on the claim, and summary judgment was proper.
 {¶ 39} The trial court properly granted summary judgment on the Myers University appellees' motion for summary judgment.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] Williams attempts to raise 15 assignments of error for our review. Only assignment of error XV relates to the March 23, 2007 judgment attached to Williams' notice of appeal. Because Williams has failed to properly appeal the other issues he has briefed, we only consider assignment of error XV. App.R. 5(D). Under a liberal interpretation of that assignment, we construe it as challenging the granting of both the motion to dismiss and the motion for summary judgment.
[2] Feingold was the President of Myers University and Allen was a U.S. Bank employee.
[3] We note that the trial court held a hearing at which it addressed both the U.S. Bank appellees' motion to dismiss and the Myers University appellees' motion for summary judgment. At the hearing, Williams failed to present any evidence in furtherance of any of his claims. To the extent, therefore, that the court may have treated the U.S. Bank appellees' motion to dismiss as a motion for summary judgment, we still find that it was properly granted. *Page 1