JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, OC Property Management, L.L.C. ("OC"), appeals the trial court's granting of the motion to dismiss filed by appellee, Gerner Kearns Co., L.P.A. ("the law firm"). After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On August 22, 2007, OC filed a complaint against the law firm alleging four claims for relief seeking economic damages in relation to an August 12, 2005 real estate closing. Count One alleged breach of implied duty of good faith and fair dealing; Count Two alleged negligent misrepresentation; Count Three alleged promissory estoppel; and Count Four alleged breach of fiduciary duty.
 {¶ 3} On October 5, 2007, the law firm filed a motion to dismiss all counts. On November 2, 2007, the trial court granted the law firm's motion, stating: "Plaintiffs action sounds in contract. Plaintiff has failed to allege any privity of contract. Absent any privity, Plaintiffs cause does not lie. Accordingly, Defendant's motion to dismiss is granted."
 {¶ 4} The facts of this case began on August 12, 2005 with a real estate closing on property located in Cleveland. In July 2005, the seller, Citifinancial Mortgage Company, Inc. ("the seller"), entered into a purchase agreement to sell the property to Artesian Properties, L.L.C. ("the buyer"). The seller and buyer *Page 2 
agreed to use the law firm to perform title and escrow services. The law firm hired Timothy Herrick to handle the closing.
 {¶ 5} At closing, the buyer gave Herrick a check for $35,733.76. According to OC, the buyer also granted a mortgage to OC in the amount of $59,547.14. OC alleges that this amount represented the amount it paid on behalf of the buyer to purchase the property.
 {¶ 6} Apparently, Herrick notarized the mortgage and indicated that he would file the mortgage with the deed. Herrick failed to file the mortgage, and the mortgage was never recorded with the Cuyahoga County Recorder's Office. According to OC, it has suffered $59,547.14 in damages as a result of Herrick's alleged error.
 Review and Analysis {¶ 7} OC cites one assignment of error for our review.
 {¶ 8} "I. The lower court erred by granting Defendant-Appellee's motion to dismiss counts two, three, and four of the Plaintiff-Appellant's complaint pursuant to Ohio Civil Rule 12(B)(6)."
 {¶ 9} OC argues that the trial court erred when it granted the law firm's motion to dismiss counts two, three, and four. This argument is without merit. *Page 3 
 Standard of Review-Motion to Dismiss {¶ 10} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 605 N.E.2d 378. It is well settled that "when a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." Byrd v.Faber (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584.
 {¶ 11} While the factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss."State ex rel. Hickman v. Capots (1989), 45 Ohio St.3d 324,544 N.E.2d 639. In light of these guidelines, for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." OBrien v. University Community TenantsUnion, Inc. (1975), 42 Ohio St.2d 242, 245, 327 N.E.2d 753.
 {¶ 12} Since factual allegations in the complaint are presumed true, only the legal issues are presented, and an entry of dismissal on the pleadings will be reviewed de novo. Hunt v. Marksman Prod., Div. of S/RIndus., Inc. (Mar. 22, 1995), 101 Ohio App.3d 760, 656 N.E.2d 726. *Page 4 
 Economic Loss Rule {¶ 13} A plaintiff must have a contractual relationship with a defendant in order to recover damages for economic loss. Floor CraftFloor Covering, Inc. v. Parma Community General Hosp. Assn. (1990),54 Ohio St.3d 1, 8, 560 N.E.2d 206. The economic loss rule prevents recovery in tort for damages for economic loss alone. Corporex Dev. Constr. Mgmt. v. Shook, Inc., 106 Ohio St.3d 412, 2005-Ohio-5409,835 N.E.2d 701. "A plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable." Id. at 412. "Economic losses are intangible losses that do not arise from tangible physical harm to persons or property." RWP, Inc. v. Fabrizi Trucking Paving Co., Cuyahoga App. No. 87382, 2006-Ohio-5014, ¶ 20. "Thus, where only economic losses are asserted, damages may be recovered only in contract; there can be no recovery in negligence due to the lack of physical harm to persons and tangible things." Id. at ¶ 21.
 Negligent Misrepresentation and Breach of Fiduciary Duty {¶ 14} OC's alleged damages of $59,547.14 are purely economic; therefore, in order to prevail, OC would have to plead the existence of a contract between it and the law firm. Here, OC did not refer to a contract between the parties in its complaint. The only contract mentioned is the purchase agreement between the buyer and the seller. We find that, because OC did not plead the existence of a contract and its damages are purely economic, the trial court properly dismissed *Page 5 
its claims for the torts of negligent misrepresentation (Count Two) and breach of fiduciary duty (Count Four) under the economic loss rule.
 Promissory Estoppel {¶ 15} OC's promissory estoppel claim is based upon damages it incurred from Herrick's alleged promise to file the mortgage and alleged failure to follow through on that promise. According to OC's complaint, it has "incurred damages in the amount of $59,547.14 in that the mortgage was never recorded and the property was subsequently encumbered, effectively barring Plaintiffs mortgage from beingeffective or valid." (Emphasis added.)
 {¶ 16} In order to support a promissory estoppel claim, OC must establish the existence of a clear and unambiguous promise, reliance on the promise, that the reliance is reasonable and foreseeable, and that it was injured by this reliance. Patrick v. Painesville CommercialProperties, Inc. (Sept. 30, 1997), 123 Ohio App.3d 575, 704 N.E.2d 1249. "A clear and unambiguous promise is the type that a promisor would expect to induce reliance." Casillas v. Stinchcomb, Erie App. No. E-04-041, 2005-Ohio-4019, ¶ 19. *Page 6 
 {¶ 17} We find that the trial court properly dismissed OC's promissory estoppel claim (Count Three). Under Ohio law, failure to record a mortgage does not make the mortgage invalid or ineffective between the mortgagor and the mortgagee. See Seabrooke v. Garcia (Mar. 31, 1982),7 Ohio App.3d 167, 454 N.E.2d 961. Therefore, even if we assume all of the facts in the complaint are true, and Herrick failed to fulfill his promise, OC has not suffered the injury it has pleaded, and dismissal was proper. OC's mortgage remains "effective or valid" between it and the buyer. Accordingly, OC's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., P.J., and MELODY J. STEWART, J., CONCUR. *Page 1