[Cite as *Harsh v. Franklin*, 2011-Ohio-2428.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| ROBERT HARSH | : | |
| | : | Appellate Case No. 24331 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2010-CV-06125 |
| v. | : | |
| | : | (Civil Appeal from |
| CITY OF FRANKLIN OHIO, et al. | : | Common Pleas Court) |
| | : | |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . .

## O P I N I O N

Rendered on the 20th day of May, 2011.

. . . . . . . . . .

ROBERT HARSH, #547-305, Post Office Box 5500, Chillicothe, Ohio 45601
      Plaintiff-Appellant, *pro se*

EDWARD J. DOWD, Atty. Reg. #0018681, Surdyk, Dowd & Turner Co., 1 Prestige Place,
Suite 700, Miamisburg, Ohio 45342
      Attorney for Defendant-Appellee, Surdyk, Dowd & Turner Co.

JAMEY PREGON, Atty. Reg. #0075262, and LYNNETTE DINKLER, Atty. Reg. #0065455,
Dinkler Pregon LLC, 2625 Commons Blvd., Suite A, Dayton, Ohio 45431
      Attorneys for Defendant-Appellees, City of Franklin, Ohio and Dinkler & Pregon Co.

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Plaintiff-appellant Robert Harsh appeals from the dismissal of his complaint
under the authority of Civ.R. 12(B)(6). Harsh contends that the trial court erred by failing to

properly consider the allegations set forth in his complaint.

{¶ 2}   We conclude that Harsh failed to state a claim for which relief can be granted. We find no error in the trial court's decision.   Accordingly, the judgment of the trial court is Affirmed.

I

{¶ 3}   From the filings herein, the following facts are adduced.   In 2005, Harsh was arrested by the City of Franklin for one count of Driving Under the Influence (a felony of the fourth degree), one count of Driving Under the Influence with a specification (a felony of the fourth degree), and one count of Failure to Comply.   Following a jury trial in the Warren County Court of Common Pleas, he was found "not guilty" on all charges.

{¶ 4}   In 2006, Harsh was arrested in Butler County on felony charges.   Following a jury trial, he was convicted and sentenced to prison.   He is currently incarcerated for that conviction.

{¶ 5}   On July 2, 2007, Harsh filed a civil action for false arrest and "malicious filing of false  criminal complaints" against the City of Franklin, the Franklin Police Department and Franklin Police Officer Stephen Figliolia in the Warren County Court of Common Pleas. The defendants were represented by the law firms of Surdyk, Dowd and Turner Co., L.P.A. and Dinkler Pregon, LLC.   The defendants removed the case to the United States District Court for the Southern District of Ohio.   The status of that action is unclear.

{¶ 6}   On August 2, 2010, Harsh filed this action against the City of Franklin, Dinkler and Pregon, L.L.C., that firm's principals –  Lynnette Dinkler and Jamey Pregon; Surdyk,

Dowd and Turner Co., L.P.A., and attorneys Edward Dowd, Brendan Healy and Melinda Reardon, attorneys with the Dowd and Turner firm.

{¶ 7} Upon motion, all defendants were dismissed, under the authority of Civ. R. 12(B)(6), the trial court finding that the complaint failed to state a claim upon which relief could be granted. Harsh appeals from the dismissal of his complaint.

II

{¶ 8} Harsh's First, Second and Third assignments of error state as follows:

{¶ 9} "THE CIVIL COURT ERRED IN DENYING HARSH HIS CONSTITUTIONAL RIGHT TO 5TH AND 14TH U.S.C.A. REDRESS OF INJURY ART I SECTION 16 OF OHIO CONST BILL OF RIGHTS BY; THE CIVIL TRIAL COURT DID NOT ADDRESS ALL ISSUE [SIC] IN THE HIGHLY MERITOUS [SIC] COMPLAINT WITH THE ATTACHED EVIDENCE THAT WAS NOT PERTINENT TO OR RELEVANT TO THE OUTCOME OF THE JUDICIAL PROCEEDING. NOT ADDRESSING ALL THE CLAIMS FOR RELIEF IN THE COMPLAINT. THE PLAINTIFF HAD NUMEROUS CLAIMS FOR RELIEF AND IS PRO SE AND SHOULD BE HELD TO A LESS INCLUSIVE STANDARD OF FILING.

{¶ 10} "THE CIVIL COURT ERRED IN DENYING HARSH HIS CONSTITUTIONAL RIGHT TO 5TH AND 14TH U.S.C.A. REDRESS OF INJURY ART I SECTION 16 OF OHIO CONST BILL OF RIGHTS BY; GRANTING THE DEFENDANTS ABOSLUTE [SIC] IMMUNITY FOR ALL CLAIMS IN THE COMPLAINT THAT WERE MADE WITH MALICE IN BAD FAITH AND WANTON AND RECKLESS DISREGARD FOR THE TRUTH AND DEFINATELY [SIC] KNOWN TO BE FALSE AND

DEFINATELY [SIC] KNOWING HARSH WAS FOUND NOT GUILTY IN A COURT OF LAW OF ALL FALSE CRIMINAL CHARGES PLACED AGAINST HIM.

{¶ 11} "THE CIVIL COURT ERRED IN DENYING HARSH HIS CONSTITUTIONAL RIGHT TO 5TH AND 14TH U.S.C.A. REDRESS OF INJURY ART I SECTION 16 OF OHIO CONST BILL OF RIGHTS BY; THE CIVIL TRIAL COURT ERRED IN DISMISSING THE COMPLAINT WHERE THE DEFENDANTS WERE NOT ENTITLED TO DISMISS AND KNOWING THE DEFENDANTS WERE ACTING IN A CIVIL CONSPIRACY TO DEFAME SLANDER AND INJURE NONE WERE IMMUNE FOR STATUTORY OF LIMITATIONS [SIC] AND THEREFORE O.R.C. 2305.11 WAS NOT APPLICABLE...SEE CIVIL CONSPIRACY TO DEFAME.  AND ALL THE OTHER CLAIMS FILED IN THE HIGHLY MERITOUS [SIC] CIVIL COMPLAINT WITH JURY DEMAND."

{¶ 12} Harsh's arguments, confusing at best, appear to hinge upon his claim that the trial court erred by dismissing his complaint.

{¶ 13} Harsh contends that as a pro se litigant, he should be held to a more lenient standard than a licensed attorney.  This court has repeatedly held that "litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants."  *Maguire v. Natl. City Bank*, Montgomery App. No. 24146, 2011-Ohio-387, ¶ 15.

{¶ 14} Turning to the merits of this case, "[a] motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Civ.R.12(B)(6), tests the sufficiency of a complaint. In order to prevail, it must appear beyond doubt from the

complaint that the plaintiff can prove no set of facts entitling him to relief." *Haynes v. Dayton Metro. Hous. Auth.*, 188 Ohio App.3d 337, 334, 2010-Ohio-2833, ¶ 17, quoting *Smith v. Ohio Adult Parole Auth.,* Champaign App. No. 2009 CA 22, 2010-Ohio-1131, ¶ 33. "The court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations in the complaint as true, and make all reasonable inferences in favor of the plaintiff." Id. "We utilize a de novo standard when reviewing a trial court's decision to dismiss a complaint pursuant to Civ.R. 12(B)(6)." Id.

{¶ 15} In his complaint, Harsh appears to assert the following claims against the defendants: defamation; intentional infliction of emotional distress; "tortious interference with plaintiff's contractual civil filings in federal district court"; fraud; actual malice; and civil conspiracy.[1] All of these alleged causes of action are premised upon the actions of the attorneys in relation to their representation of the City of Franklin, the Franklin Police Department and Officer Figliolia in the federal court litigation. Specifically, it appears that Harsh takes exception to language used in pleadings in that court that refers to his arrest for driving under the influence and failure to comply.

{¶ 16} We do not have a copy of the federal court case filings, except for two unauthenticated copies of documents attached to Harsh's complaint. One page appears to be a filing by Surdyk, Dowd and Turner wherein the following statement was made: "Plaintiff

---

[1] Harsh's complaint makes reference to "admiralty jurisdiction," and "ecclesiastical court." He also argues that he is currently "manifestly malicely [sic] inprisoned [sic] fighting the ignorant in law and the very corrupt and demonic individuals of which I have filed suit..." There is nothing in this record to indicate that any of the defendants in this case have any connection to Harsh's current incarceration. The current incarceration is related to a felony conviction in the Butler County Court of Common Pleas, while the underlying proceeding that forms the basis for this action occurred in Warren County. Harsh apparently confuses the two actions and believes that he is incarcerated because of the Warren County action.

was arrested for various offenses arising out of his erratic driving and subsequent flight from the police. Plaintiff was indicted on various charges August 22, 2005, and after a jury trial, received a 'not guilty' verdict in his favor as to each count." Another page, which has no identification, states, "[this] case arises out of an incident that occurred on July 16, 2005, when the Plaintiff was arrested for a felony DUI and his failure to comply with an order or signal of a police officer."

{¶ 17} We begin with the claims for defamation, libel and slander. "Defamation is a false publication causing injury to a person's reputation, or exposing the person to public hatred, contempt, ridicule, shame or disgrace or affecting him adversely in his trade or business." *Matalka v. Lagemann* (1985), 21 Ohio App .3d 134, 136. Defamation can be in the form of either slander or libel. Slander generally refers to spoken defamatory words while libel refers to written or printed defamatory words. *Lawson v. AK Steel Corp.* (1997), 121 Ohio App.3d 251, 256. The essential elements of a defamation action, whether slander or libel, are that the defendant made a false statement of fact, that the false statement was defamatory, that the false defamatory statement was published, that the plaintiff was injured, and that the defendant acted with the required degree of fault. *Celebrezze v. Dayton Newspapers, Inc.* (1988), 41 Ohio App.3d 343, 346-347.

{¶ 18} Attorneys enjoy an absolute privilege for statements made in the course of representing a client in litigation. This concept comes from the notion that "[a]n attorney has an absolute immunity against libel and slander action for statements made representing a client in the course of litigation, either in the pleadings, briefs, or in oral statements to the judge and jury, so long as the defamatory matter may possibly bear some relation to the judicial

proceeding." *Simmons v. Climaco* (1986), 30 Ohio App.3d 225, 227. Accord, *Havens-Tobias v. Eagle*, Montgomery App. No. 19562, 2003-Ohio-1561, ¶ 31.

{¶ 19} In this case, it is clear that the alleged defamatory statements were made in the course of a judicial proceeding – the federal civil suit. They were made as statements of fact regarding the arrest and subsequent trial in Warren County, and bore a relation to the federal proceeding. Thus, we find no error in the trial court's determination that these statements are absolutely privileged.

{¶ 20} We next turn to Harsh's claim that the trial court erred by dismissing his claim for intentional infliction of emotional distress. In order to establish a claim for intentional infliction of emotional distress, Harsh must prove that: (1) the defendant either intended to cause emotional distress or knew or should have known that the actions taken would result in serious emotional distress to the plaintiff; (2) the defendant's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency"; (3) the defendant's actions were the proximate cause of plaintiff's psychic injury; and (4) the mental anguish suffered by plaintiff is serious and of a nature that "no reasonable man could be expected to endure it." *Parker v. Bank One* (March 30, 2001), Montgomery App. No. 18573, citations omitted. A claim for intentional infliction of emotional distress must be based on more than "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 375, citation omitted.

{¶ 21} There is nothing in the complaint to support Harsh's claim for intentional infliction of emotional distress. He does not refer to any conduct by the defendants other than the filing of the above-referenced pleadings. These statements, made in the context of

informing a court of the underlying facts in a case, do not constitute extreme and outrageous behavior. Thus, we conclude that the trial court did not err in dismissing this claim.

**{¶ 22}** Next we address the claim of "tortious interference with plaintiff's contractual civil filings in federal district court." Harsh's basis for this claim is unclear. We find no authority in law for this claim. Furthermore, from our review of the complaint, there is nothing to support a claim that the defendants interfered with Harsh's federal court filings. Therefore, we conclude that the trial court did not err in dismissing this claim.

**{¶ 23}** Harsh next pleads fraud in his complaint. "A claim for common-law fraud requires proof of the following elements: (1) a representation or, where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance." *Word of God Church v. Stanley*, Montgomery App. No. 23985, 2011-Ohio-2073, ¶ 37.

**{¶ 24}** Harsh's complaint makes the following statement with regard to this claim: "Fraud, false representation of material facts, by words or conduct and or by concealment of material facts to induce another to act towards his or her determent. Fraud is a tort action for liability. When the conduct is will full [sic] it may be a crime also termed; intentional fraud. A tort arising from knowing misrepresentation, or reckless misrepresentation. Unconscionable dealings esp,. In contract law. The unfair use of the power arising out of the defendants interloper status and the parties relative positions and resulting in an

unconscionable bargain, or trying to conceive fraudulant [sic] bargaining. Actual fraud infact [sic] a concealment of false representation through a statement or conduct that injures another who relies on it in action. Positive fraud and moral fraud."

**{¶ 25}** As best as we can discern, this claim is based upon the pleadings filed by the defendants in the federal litigation referred to earlier. As previously stated, those statements were made as part of a statement of underlying facts in pleadings filed in response to Harsh's complaint. Fraud must be pled with particularity. Civ. R. 9(B). Harsh's complaint fails to set forth the elements of a fraud claim with particularity. The trial court did not err in finding that this claim should be dismissed.

**{¶ 26}** Harsh also makes mention of a "civil conspiracy" by and between the defendants and the City of Franklin.[2] "A claim for civil conspiracy requires proof of 'a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damage.' " *Kimmel v. Lowe's, Inc.*, Montgomery App. No. 23982, 2011-Ohio-28, ¶ 20, quoting *Kenty v. Transamerica Premium Ins. Co.,* 72 Ohio St.3d 415, 419, 1995-Ohio-61. "An underlying unlawful act is required before a civil conspiracy claim can succeed." Id., quoting *Williams v. Aetna Fin. Co.,* 83 Ohio St.3d 464, 475, 1998-Ohio-294.

**{¶ 27}** We have combed the complaint and find nothing therein to support a finding that there was an underlying unlawful act by the defendant law firms and attorneys. Merely responding to pleadings in a lawsuit, without more, does not constitute a civil conspiracy.

---

[2] This, to the best of our ability to discern the gist of the claims in the complaint, is the only allegation raised against the City of Franklin.

Furthermore, any claims made against the City of Franklin were, or should have been, raised in the federal court action, and are therefore barred by the doctrine of res judicata in this action.

{¶ 28} Finally, with regard to the claim of "actual malice," it appears that Harsh relates it to his claim for civil conspiracy. Thus, this claim is also without merit.

{¶ 29} Based upon the record before us, we conclude that the trial court did not err by dismissing Harsh's complaint. Harsh failed to assert any claims upon which relief can be granted. Accordingly, all of Harsh's assignments of error are overruled.

III

{¶ 30} All of Harsh's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

DONOVAN and KLINE, JJ., concur.

(Hon. Roger L. Kline, Fourth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Robert Harsh
Edward J. Dowd
Jamey Pregon
Lynnette Dinkler
Hon. Timothy N. O'Connell