[Cite as *First Fed. Bank of Ohio v. Angelini*, 2012-Ohio-2136.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
CRAWFORD COUNTY

First Federal Bank of Ohio        Court of Appeals No. 3-11-16

     Appellee                   Trial Court No. 03-CV-0098

v.

John Angelini, Jr., et al.

     Defendants           **DECISION AND JUDGMENT**

[Timothy A. Shimko, Appellant]      Decided:    May 14, 2012

* * * * *

Stephen E. Chappelear, John F. Marsh and Phillip G. Eckenrode,
for appellee.

Robert L. Tucker and R. Brian Borla, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Crawford County Court of

Common Pleas, awarding appellee, First Federal Bank, $119,690.55 in attorney fees and

$39,574.80 in expenses due to the conduct of appellant, Timothy Shimko. For the reasons that follow, this court affirms the judgment of the trial court.

{¶ 2} Appellant sets forth the following assignment of error:

1. The trial court erred in imposing sanctions under R.C. 2323.51 and Rule 11 of the Ohio Rules of Civil Procedure against Timothy A. Shimko in the amount of $159,265.35.

{¶ 3} This case stems from a mortgage foreclosure claim which was originally filed by First Federal on April 1, 2003. Judgments were obtained against defendants John and Joyce Angelini, and also against their son, Jeffrey Angelini. In 2005, Jeffrey Angelini declared bankruptcy. Subsequently, the bankruptcy trustee authorized appellant, Timothy Shimko, to represent the trustee.

{¶ 4} On May 4, 2006, Shimko filed a counterclaim on behalf of the trustee asserting:

(1) Plaintiff extorted Jeffrey Angelini's signature on the loan and mortgage documents; (2) Plaintiff fraudulently induced Jeffrey Angelini to co-sign the 2001 loan by misrepresenting the application of loan payments; (3) Plaintiff induced Jeffrey Angelini to sign the loan documents by constructive fraud; (4) Plaintiff violated the "RICO" statute; and, (5) Plaintiff breached a contract with Jeffrey in its application of the loan payments. (See Judgment Entry on Motions for Sanctions.)

2.

{¶ 5} Appellee moved pursuant to Civ.R. 12(B)(6) to dismiss these counterclaims for failure to state a claim upon which relief can be granted. On September 20, 2006, the court granted the motion with respect to both the extortion and RICO claims. Appellant then filed an amended counterclaim which included a claim for conversion of real property. In response, appellee filed a motion for summary judgment. It was granted on January 9, 2007. On appeal, the court affirmed the granting of summary judgment with respect to the conversion claim, but overruled the summary judgment with respect to the fraud, constructive fraud, and breach of contract claims.

{¶ 6} Following the summary judgment ruling, the case proceeded to trial. The jury returned a verdict against Jeffrey Angelini for $40,735.46 and against appellee for $641,000. On February 18, 2009, Judge Markus declared a mistrial due to inconsistencies between the jury interrogatories and the verdict and based upon misconduct during trial by Shimko. The Court of Appeals for the Third District affirmed the granting of the mistrial on the basis of the inconsistencies in the interrogatories and the verdicts. The case was retried in 2011. The court granted a directed verdict on the constructive fraud claim. The jury found that appellee had not committed fraud or duress.

{¶ 7} Following the 2011 trial, appellee moved for sanctions against the trustee, appellant, Galion Bank, and the attorneys for Galion Bank. The court held an evidentiary hearing on June 2, 2011. The defendants called no witnesses. Although the trial court placed appellant under oath, he refused to respond whatsoever to any questions. On the

3.

contrary, he systematically referred the court to the record and to his brief in support of his petition for writ of mandamus against the judge in this case. Appellant was unapologetically defiant and wholly uncooperative throughout the proceeding.

{¶ 8} At the conclusion of the hearing, the court found that all of the defendants except the trustee had engaged in frivolous conduct. The court awarded $119,690.55 in attorney fees and $39,574.80 in expenses against appellant. The court awarded $57,903.25 in attorney fees and $6,430.70 in expenses against Galion Bank and its attorneys. Galion Bank's counsel paid the full amount of sanctions awarded against them. It should be noted that the bank did not appeal the sanction award. Nevertheless, appellant asserts that the sanctions awarded by the trial court were improper.

{¶ 9} Civ.R. 11 in pertinent part states:

> [T]he signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; * * *. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.

{¶ 10} Under R.C. 2323.51, conduct means "the filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing

4.

of a pleading, motion, * * * or the taking of any other action in connection with a civil action."

{¶ 11} R.C. 2323.51(A)(2)(a) defines frivolous conduct as any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including but not limited to, causing unnecessary delay or a needless increase in the cost of litigation. (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law. (iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

{¶ 12} A sanctions award by a trial court under Civ.R. 11 or R.C. 2323.51 will not be disturbed unless there was an abuse of discretion. *Resources for Healthy Living, Inc. v. Haslinger*, 6th Dist. No. WD-10-073, 2011-Ohio-1978, ¶ 26.

{¶ 13} We first review the sanctions for the counterclaim asserted by appellant that appellee violated the RICO statute. Two requisite elements of a RICO claim did not exist when appellant filed the counterclaim, specifically, that the conduct of the defendant involves the commission of two or more specifically prohibited state or federal criminal offenses, and that the prohibited criminal conduct of the defendant constitutes a pattern of

5.

corrupt activity. *Wilson v. Marino*, 6th Dist. No. L-06-1027, 2007-Ohio-1048, ¶ 52. Proceeding under these circumstances constituted a willful violation. The filing of the RICO claim was in violation of Civ.R. 11 and R.C. 2323.51.

{¶ 14} Next, we consider the sanctions for the counterclaim asserted by appellant for extortion. Simply put, Ohio law does not recognize a civil action for extortion. Thus, the counterclaim was based upon a legal nullity. It could not be supported by a good faith argument for an extension, modification, or reversal of existing law, nor could it be supported by a good faith argument for the establishment of new law. As such, its assertion under these circumstances constituted a willful violation of Civ.R. 11 and frivolous conduct under R.C. 2323.51.

{¶ 15} We must now consider the sanctions for the counterclaim asserted by appellant for conversion. Despite appellant's creative arguments, real property may not be the subject of a conversion claim under Ohio law. The trial court correctly awarded sanctions under Civ.R. 11 and R.C. 2323.51 because the counterclaim was not conceivably encompassed by existing law.

{¶ 16} Appellant also engaged in a tactic of seeking the removal of every judge in this case. The trial court ordered sanctions against appellant for filing a mandamus and prohibition action against Judge Markus. Appellant clearly did not like the judge's rulings and rather than appealing these rulings, the appellant sought to have the judge removed from the case. In fact, appellee intervened in support of Judge Markus' motion to dismiss. The court of appeals denied appellant's requested relief. Under these facts

6.

and circumstances, appellant's actions were unwarranted, willful, and frivolous.  They were in violation of Civ.R. 11 and R.C. 2323.51.

{¶ 17} The court awarded sanctions pursuant to R.C. 2323.51 for the constructive fraud and fraudulent concealment counterclaims.  Appellee did not have a fiduciary relationship with Jeffrey Angelini and thus had no duty to disclose matters to him.  The court did not abuse its discretion when it awarded sanctions.

{¶ 18} We find that the court did not abuse its discretion when it imposed sanctions pursuant to Civ.R. 11 and R.C. 2323.51.  We find that appellant's assignment of error is not well-taken.

{¶ 19} Wherefore, we hereby affirm the judgment of the Crawford County Court of Common Pleas.  Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.  *See also* 6th Dist.Loc.App.R. 4.

Peter M. Handwork, J.                               _____

                                                          JUDGE

Mark L. Pietrykowski, J.

                                           _____

Thomas J. Osowik, J.                                  JUDGE
CONCUR.

                                           _____

                                           JUDGE

Judges Peter M. Handwork, Mark L. Pietrykowski, and Thomas J. Osowik, Sixth District
Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of
Ohio.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.