[Cite as *Simpson v. Voiture Nationale La Societe Des Quarante Hommes*, 2021-Ohio-2131.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

CHARLES SIMPSON                   :
                                  :
        Plaintiff-Appellant       :       Appellate Case No. 29016
                                  :
v.                                :       Trial Court Case No. 2020-CV-2123
                                  :
VOITURE NATIONALE LA SOCIETE      :       (Civil Appeal from
DES QUARANTE HOMMES, et al.       :       Common Pleas Court)
                                  :
        Defendants-Appellees      :

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of June, 2021.

. . . . . . . . . . .

CHARLES SIMPSON, Atty. Reg. No. 0007339, 157 Lammes Lane, New Carlisle, Ohio 45344
        Plaintiff-Appellant, Pro Se

KEVIN A. BOWMAN, Atty. Reg. No. 0068223, 130 West Second Street, Suite 900, Dayton, Ohio 45402
        Attorney for Defendants-Appellees, Brannon & Associates and Plaintiffs-Appellees, Grande Voiture D'Ohio La Societe Des 40 Hommes Et 8 Chevaux

EDWARD J. DOWD, Atty. Reg. No. 0018681 and CHRISTOPHER T. HERMAN, Atty. Reg. No. 0076894, 8163 Old Yankee Street, Suite C, Dayton, Ohio 45458
        Attorneys for Defendants-Appellees, Voiture Nationale La Societe Des Quarante Hommes

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Charles Simpson appeals from the Montgomery County Court of Common Pleas' entry of judgment on the pleadings against him on several causes of action in his complaint and its dismissal of those claims with prejudice. The judgment dismissed an additional cause of action without prejudice. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} Simpson is a licensed attorney in Ohio. According to the complaint, he is "an officer and director of the corporation previously known as Montgomery County Voiture No. 34, La Societe des 40 Hommes et 8 Chevaux (hereinafter "Voiture 34") now known as Huber Heights Veterans Club, Inc.," and he "serves the corporation as its legal counsel and represents the corporation in legal transactions and litigation."

{¶ 3} In May 2020, Simpson filed a complaint for "Violations of Civil Rights, Defamation, Injuries and Damages" against Grande Voiture D'Ohio La Societe des 40 Hommes et 8 Chevaux ("Ohio Voiture"), Voiture Nationale, La Societe des Quarante Hommes et Huit Chevaux (Voiture Nationale), and Brannon & Associates.[1]

{¶ 4} The defendants filed answers and, subsequently, motions for judgment on the pleadings. Simpson filed responses opposing the motions.

{¶ 5} On January 7, 2021, the trial court granted the motions for judgment on the pleadings. The court stated:

---

[1] Voiture Nationale and Ohio Voiture are the national-level and state-level organizations of a veterans' charitable organization known as the "40 and 8." Amended Answer, p. 1. Both are charitable, non-profit organizations comprised of current and former members of the United States Armed Services. *Id.* Voiture 34 was the local-level arm thereof. Brannon & Associates is a Dayton law firm that represents Ohio Voiture.

With respect to Mr. Simpson's claims of defamation, civil rights violations under 42 U.S.C. 1983, and his stand-alone claims of identity fraud, extortion, coercion, and interfering with civil rights, the Court finds that there is no conceivable set of facts under which Mr. Simpson could recover and that these claims cannot be pled in another way; thus, dismissal of these claims is with prejudice. However, with respect to Mr. Simpson's claim of civil recovery for criminal acts under R.C. 2307.60 and/or R.C. 2307.611, the Court finds that these claims could be pled in such a way that Mr. Simpson may be entitled to relief, and thus the dismissal of this claim is without prejudice.

Order Granting Judgment on the Pleadings (Jan. 7, 2021). [2]

{¶ 6} Simpson appeals.

## II. Analysis

{¶ 7} The sole assignment of error asserted by Simpson is:

THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS.

{¶ 8} Simpson contends the trial court had no basis for rendering judgment against him.

{¶ 9} Civ.R. 12(C) provides: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

---

[2] The court noted its decision did not address whether the claims for civil recovery for criminal acts would be barred by the doctrine of res judicata or the applicable statute of limitations.

"Determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any writings attached to the complaint." *Offill v. State Farm Fire & Cas. Co.*, 2d Dist. Montgomery No. 25079, 2012-Ohio-6225, ¶ 14, citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165, 297 N.E.2d 113 (1973). "The trial court may grant a judgment on the pleadings where no material factual issue exists and one party is entitled to a judgment in his favor as a matter of law." (Citations omitted.) *Vaught v. Vaught*, 2 Ohio App.3d 264, 265, 441 N.E.2d 811 (12th Dist.1981). We review the trial court's decision to grant judgment on the pleadings de novo. *Inskeep v. Burton*, 2d Dist. Champaign No. 2007-CA-11, 2008-Ohio-1982, ¶ 7, citing *Dearth v. Stanley*, 2d Dist. Montgomery No. 22180, 2008-Ohio-487.

{¶ 10} With this standard in mind, we turn first to the trial court's decision to enter judgment on the pleadings and dismiss Simpson's claim of identity fraud. Simpson's complaint asserted that the defendants committed identity fraud in violation of R.C. 2313.49, which provides, in pertinent part, that "[n]o person, without the express or implied consent of the other person, shall use, obtain, or possess any personal identifying information of another person with intent to * * * [h]old the person out to be the other person [or] [r]epresent the other person's personal identifying information as the person's own personal identifying information." R.C. 2313.49(B)(1-2)

{¶ 11} The allegations set forth in the complaint relevant to this cause of action stated:

[Voiture 34] was previously affiliated with the 40 & 8 organization but terminated that affiliation on June 1, 2015. The Defendants, through their agents and representatives, on multiple occasions, have used the personal

identifying information of the corporation and have held [Ohio Voiture] out to be the corporation and represent that the name of the corporation is [Ohio Voiture's] name. Such actions constitute identity fraud and are prohibited by ORC 2913.49. Plaintiff is a person injured by defendant's acts of identity fraud.

{¶ 12} Taking this allegation as true, Simpson has, at most, alleged that the defendants improperly misappropriated the name of Voiture 34. However, Simpson did not allege any basis for bringing an action in his name rather than that of the corporation. He did not cite any statute which would have provided him with standing to bring such an action, nor did he allege he was a shareholder in the corporation so as to give him the right to bring a shareholder's derivative action. Also, there was no allegation that the corporation had authorized him to bring such an action on its behalf or in his name. Further, there was no allegation the defendants, in any manner, obtained, possessed or used Simpson's personal information. Other than a conclusory statement, Simpson also did not make any allegation to indicate how the alleged fraud caused him damages. In other words, there was no basis to find that Simpson had standing to bring an action on behalf of Voiture 34 or that he personally suffered any injury capable of redress for identity fraud. Thus, we conclude the trial court did not err in rendering judgment against Simpson on this claim.

{¶ 13} We next address the claim of defamation. "Defamation is a false publication causing injury to a person's reputation, or exposing the person to public hatred, contempt, ridicule, shame or disgrace or affecting him adversely in his trade or business." *Harsh v. Franklin*, 2d Dist. Montgomery No. 24331, 2011-Ohio-2428, ¶ 17,

quoting *Matalka v. Lagemann*, 21 Ohio App.3d 134, 136, 486 N.E.2d 1220 (10th Dist.1985). "The essential elements of a defamation action * * * are that the defendant made a false statement of fact, that the false statement was defamatory, that the false defamatory statement was published, that the plaintiff was injured, and that the defendant acted with the required degree of fault." *Id.*, citing *Celebrezze v. Dayton Newspapers, Inc.*, 41 Ohio App.3d 343, 346-347, 535 N.E.2d 755 (8th Dist.1988).

{¶ 14} Simpson's claim of defamation centers solely on his allegation that the defendants, during the course of four legal proceedings filed by Simpson, represented that Simpson was "not authorized to bring those actions on behalf of Voiture 34." In relation thereto, Simpson further alleged:

4. * * * Each action was filed by Plaintiff on behalf of Voiture 34 as its attorney. Fraudulent representations that Plaintiff did not have authority to bring the actions, made in each action by Defendants, interfered with and prevented Plaintiff from performing and completing his rights, privileges and duties as an attorney at law.

5. Defendants have sought to invalidate various legal documents, acts and proceedings performed by Plaintiff and have acted, by intimidation and threat to deter, prevent and deprive Plaintiff from exercising his rights, privileges and duties as an attorney at law.

6. Defendants' [sic] have, with purpose of obtaining a valuable benefit, uttered and threatened calumny against the Plaintiff[.] Defendants have exposed Plaintiff to contempt and ridicule and have damaged Plaintiff's personal and business reputations and have subjected Plaintiff to

deprivation of his, [sic] rights, privileges and duties as a licensed attorney at law. Defendants have caused Plaintiff substantial injury and loss in time, effort, stress and monetary expenses.

**{¶ 15}** The trial court found the defamation claim barred by absolute privilege. We agree. "Statements made 'in a written pleading or brief, or in an oral statement to a judge or jury in open court, [are] absolutely privileged if [they have] some reasonable relation to the judicial proceeding in which [they] appea[r].'" *Morrison v. Gugle*, 142 Ohio App.3d 244, 259, 755 N.E.2d 404 (10th Dist.2001), quoting *Michaels v. Berliner*, 119 Ohio App.3d 82, 87, 694 N.E.2d 519 (9th Dist.1997). *Accord Harsh v. Franklin*, 2d Dist. Montgomery No. 24331, 2011-Ohio-2428, ¶ 18. In *Newman v. Univ. of Dayton*, 2d Dist. Montgomery No. 28815, 2021-Ohio-1609, this court stated:

As a matter of public policy, the doctrine of absolute privilege in a judicial proceeding protects parties from defamation claims based upon any statement that "bears some reasonable relation to the judicial proceeding in which it appears." *Surace v. Wuliger*, 25 Ohio St.3d 229, 495 N.E.2d 939, 940 (1986), paragraph one of the syllabus. Alternatively termed a "litigation privilege," that form of protection "provides absolute immunity to parties, witnesses, lawyers, and judges from future lawsuits for *statements* made during and relevant to judicial proceedings." (Emphasis sic.) *Reister v. Gardner*, Ohio Slip Opinion No. 2020-Ohio-5484, __ N.E.3d __ , ¶ 8. For the privilege to apply, the statement at issue "must be pertinent and material to the matter in hand," meaning that "it must tend to prove or disprove the point to be established, and have substantial importance or influence in

producing the proper result." *Surace* at 231, quoting *Mauk v. Brundage*, 68

Ohio St. 89, 97, 67 N.E. 152 (1903). "Whether or not the occasion gives the

privilege is a question of law for the court." *Id.*, quoting *Mauk* at 97-98; *see*

*also Modler v. Modler*, 2d Dist. Montgomery No. 18206, 2000 WL 1162033,

*3 (Aug. 18, 2000).

(Footnote omitted.) *Id.* at ¶ 38.

{¶ 16} There is no allegation that any statements made by the defendants regarding Simpson's authority to file or prosecute the four legal proceedings were not reasonably related to issues in those proceedings. Thus, we find no error in the dismissal of this claim with prejudice.

{¶ 17} Next, we address Simpson's claim that the defendants violated his civil rights. The entirety of Simpson's allegations regarding this claim state:

7. Defendants actions are prohibited by 42 U.S.C. 1983 * * * and ORC 2921.45.

* * *

9. Plaintiff says that his civil rights have been violated by Defendants * * *.

{¶ 18} 42 U.S.C. 1983 provides remedies for persons whose federal rights have been violated by governmental officials. *Morrison v. Horseshoe Casino*, 2020-Ohio-4131, 157 N.E.3d 406 (8th Dist.). "To prevail on a claim under Section 1983, a plaintiff must prove two essential elements: (1) that he or she was deprived of a right, privilege, or immunity secured by the United States Constitution or federal law and (2) the deprivation was caused by a person acting under color of state law." *Id.*, quoting *Meekins v. Oberlin*, 8th Dist. Cuyahoga No. 107636, 2019-Ohio-2825, ¶ 39.

{¶ 19} In their motions for judgment on the pleadings, the defendants argued that Simpson's claim failed because none of the defendants were public actors operating under color of state law. In response, Simpson argued that the defendants were "persons acting under color of state law" based upon their statuses as licensed attorneys, which made them "officers of the court."

{¶ 20} We first note that the pleadings in this action identify Ohio Voiture and Voiture Nationale as corporations and/or charitable organizations. Neither were identified as attorneys, and Simpson made no allegation to support a finding that they were attorneys. Simpson's pleadings also fail to establish how they may have otherwise acted under color of state law. Thus, we conclude the trial court did not err in dismissing this claim with prejudice as to Ohio Voiture and Voiture Nationale.

{¶ 21} Further, as noted by the trial court, "[l]awyers who participate in the trial of private state court litigation are not state functionaries acting under color of state law within the meaning of the Federal Civil Rights Acts." *See Skolnick v. Martin*, 317 F.2d 855, 857 (7th Cir.1963), citing *Cooper v. Wilson*, 309 F.2d 153 (6th Cir.1962). As stated by the Supreme Court of the United States in *Cammer v. United States*, 350 U.S. 399, 76 S.Ct. 456, 100 L.Ed. 474 (1956):

It has been stated many times that lawyers are "officers of the court." One of the most frequently repeated statements to this effect appears in *Ex parte Garland*,[ 71 U.S. 333, 378, 18 L.Ed. 366 (1866)]. The Court pointed out there, however, that an attorney was not an "officer" within the ordinary meaning of that term. Certainly nothing that was said in *Ex parte Garland* or in any other case decided by this Court places attorneys in the same

category as marshals, bailiffs, court clerks or judges. Unlike these officials a lawyer is engaged in a private profession, important though it be to our system of justice. In general he makes his own decisions, follows his own best judgment, collects his own fees and runs his own business. The word "officer" as it has always been applied to lawyers conveys quite a different meaning from the word "officer" as applied to people serving as officers within the conventional meaning of that term.

(Footnote omitted.) *Id.* at 405.

{¶ 22} Based upon this reasoning, we find the trial court did not err in dismissing the claim for violation of 42 U.S.C. 1983 made against Brannon & Associates.

{¶ 23} R.C. 2921.45(A) provides, "[n]o public servant, under color of the public servant's office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right." However, as noted by the trial court, this statute does not create a private cause of action. Thus, we find no error in the trial court's decision to dismiss with prejudice any claims made under this statute.

{¶ 24} Next, Simpson alleged "Defendants' actions are prohibited by * * * O.R.C. 2905.11, O.R.C. 2905.12, [and] ORC 2913.19 * * *." We first note that R.C. 2913.19 does not exist, thus, the trial court did not err in rendering judgment on this claim.

{¶ 25} R.C. 2905.11 and R.C. 2905.12 are criminal statutes prohibiting extortion and coercion, respectively. The trial court cited *George v. State*, 10th Dist. Franklin No. 10AP-4, 2010-Ohio-5262, for the proposition that, "[i]n absence of a specific provision to the contrary, criminal statutes generally do not create a private cause of action, but give rise only to a right of prosecution by the state." (Citations omitted.) *Id.* at ¶ 32. The

trial court also cited *First Fed. Bank of Ohio v. Angelini*, 3d Dist. Crawford No. 3-11-16, 2012-Ohio-2136, ¶ 6, which states, "Ohio law does not recognize a civil action for extortion[,]" and *Heskett v. Van Horn Title Agency, Inc.*, 10th Dist. Franklin No. 06AP-549, 2006-Ohio-6900, ¶ 26, which states that a claim of coercion is not a "cognizable civil cause of action." Based upon the cited cases, we agree with the trial court's decision to dismiss these claims with prejudice.

**{¶ 26}** Finally, we address Simpson's claims for recovery under R.C. 2307.60 and R.C. 2307.611. He alleged those statutes permitted him to recover damages for his claims of identity fraud, interference with civil rights, coercion and extortion.

**{¶ 27}** R.C. 2307.60 states: "Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code." R.C. 2307.611 provides that a person who brings a civil action under R.C. 2307.60 for violations of the crime of identity fraud may recover damages.

**{¶ 28}** The trial court dismissed Simpson's claims under R.C. 2307.60 and R.C. 2307.661, finding that he failed "to allege sufficient facts" to support his claims that he suffered damages for defendants' alleged criminal acts of identity fraud, extortion, coercion, and interfering with civil rights. The trial court dismissed these claims without prejudice.

**{¶ 29}** Actions dismissed without prejudice are not final, appealable orders

because "a dismissal 'other than on the merits' does not prevent a party from refiling[.]" (Citation omitted.) *State ex rel. DeDonno v. Mason*, 128 Ohio St.3d 412, 2011-Ohio-1445, 945 N.E.2d 511, ¶ 2. *Accord Ebbets Partners, Ltd. v. Day*, 171 Ohio App.3d 20, 2007-Ohio-1667, 869 N.E.2d 110, ¶ 12 (2d Dist.). Thus, we have no jurisdiction to review this issue on appeal.

{¶ 30} Based upon our review of the record herein, we conclude the trial court did not err, as a matter of law, in granting judgment on the pleadings on several of Simpson's claims and dismissing them with prejudice. To the extent some of his claims were dismissed without prejudice, we have no basis for addressing them in this appeal. Accordingly, the sole assignment of error is overruled.

### III.    Conclusion

{¶ 31} Simpson's assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Charles Simpson
Kevin A. Bowman
Edward J. Dowd
Christopher T. Herman
Hon. Mary Lynn Wiseman